TATE, Judge.
The plaintiff Patton and his collision insurer sue for damage to the Patton automobile. The defendant Plebert appeals from judgment holding him liable.
The Patton vehicle was struck from the rear by Hebert’s automobile as both entered the city limits of New Iberia. The substantial question is whether any sudden stop on the part of Mrs. Patton caused or contributed to the accident. If not, the defendant Hebert’s negligence in running into the Patton car from the rear is the sole-proximate cause of the accident, as the trial court held.
Basically, the trial court was called upon to accept as correct one of the two opposing versions of the accident given by the respective drivers. The defendant Hebert testified that the preceding Patton vehicle braked and came to a sudden complete stop, being moved only one car length after being struck from the rear by Hebert. Mrs. Patton, on the other hand, testified that the defendant ran into the rear of her automobile as she slowed as she entered the city limits, but that she did not come close to stoppings she did not recall how far her vehicle had' travelled after the impact. No skid marks, or other physical evidence was available to-corroborate either driver’s version.
In holding that the defendant did not prove a sudden stop on the part of Mrs. Patton, the trial court in effect accepted the version of Mrs. Patton as more accurate than the defendant’s. The evaluation of credibility is primarily a function of the trier of fact rather than of the reviewing court. We find no manifest error in the trial court’s acceptance of Mrs. Patton’s version of the accident, under which the negligence of the defendant Hebert is the sole proximate cause of the accident.
Accordingly, we affirm the judgment of the trial court holding the defendant liable for the damages sustained by the plaintiffs’ vehicle as a result of the accident. The defendant-appellant is cast with the costs of this appeal.
Affirmed.