LANDRY, Judge.
Defendant, Ryder Truck Lines (Ryder) appeals a judgment awarding plaintiff, Scientific Systems Corporation (Scientific), recovery for the loss of a piece of scientific equipment allegedly damaged while being transported by Ryder in interstate commerce. We affirm.
The single issue involved herein is whether plaintiff-consignor has borne the burden of establishing that the damage to its goods occurred while subject equipment was in defendant’s possession and control.
On April 25, 1968, plaintiff contracted to furnish the United States Army a piece of equipment known as a “room incubator” for use at the Army’s base hospital in Fort McPherson, Georgia. After constructing the incubator at its Baton Rouge, Louisiana plant, Scientific delivered the merchandise to Ryder for transshipment to Georgia on June 20, 1968. The equipment was delivered by Ryder to the Transportation Depot, Fort McPherson, on June 26, 1968. Subsequently the incubator was moved by Army personnel from the transportation depot to the base hospital, its ultimate destination. The hospital personnel requested an inspection of the equipment because of its condition when received at the hospital. Upon finding the incubator was materially damaged, the Army refused to accept delivery, canceled its purchase order, and refused to pay for the merchandise. Plaintiff was awarded judgment for the contract price, $4,780.00, and prepaid shipping charges of $103.79, a total of $4,883.79.
It is conceded upon authority of Bancroft v. Yazoo and M. V. R. Co., 194 La. 115, 193 So. 481, that in an action for damages suffered by an interstate shipment of goods, plaintiff must establish (1) that the carrier received the shipment in good condition; (2) that the shipment arrived at its destination in a damaged condition, and (3) the amount of the loss.
Ryder’s sole contention on appeal is that the trial court erred in finding that plaintiff sustained the burden of showing that the shipment arrived at its destination, the Transportation Depot, Fort McPherson, in a damaged condition.
The testimony of Scientific’s General Manager, Dr. John Forrester, and a former employee, Otto J. Zoller, shows that subject equipment consisted of two incubators or dual environmental control chambers designed for the growing of culture media, consolidated in a single unit known as a “Twincubator.” The unit was prepared for shipment by placing it on a pallet consisting of criss-crossed two by fours. It was secured to the pallet floor by screws or bolts, and covered with a transparent material known as Visqueen. Two by four uprights were nailed to the pallet at each corner and braced and held together by one by four sheathing strips to completely encase the unit. The top was closed by a covering or pallet of two by fours secured to each of the four two by four uprights. The top and uprights were constructed to fit snugly so that the unit would not shake or wobble during shipment. The completed case measured approximately six feet by three and one-half feet by four feet. The exterior was appropriately marked “Fragile Instrument”, and a packing list attached thereto. The equipment was undamaged when delivered to defendant.
The entire thrust of Ryder’s argument is that plaintiff has failed to show the condition of the shipment when initially unloaded and received at the Receiving Warehouse for Heavy Equipment, Fort McPherson. Defendant maintains that the receiving warehouse was the destination of the shipment, not the base hospital where the damage was ultimately discovered. On this premise, it is contended that the damage could as well have occurred in move *387 ment of the device from the main warehouse to the hospital, in which event defendant would not be liable.
The equipment was inspected at the army base hospital by William B. Hamby, President, Atlanta Inspection Service, Inc. Mr. Hamby viewed the equipment in the hallway of the hospital building. It was uncrated but still on its wooden shipping pallet. Mr. Hamby noted several small dents in the cabinet and found that several protruding control knobs had been mashed and severely damaged. He also noted that a crude attempt had been made to repair some of the damage. Further inspection by plaintiff’s employees disclosed that the doors were warped and would not “seal” properly when closed.
The record contains a written report of Hamby’s inspection of the equipment. Included therein is a statement signed by one Ralph Fields, otherwise unidentified. Mr. Fields’ statement indicates the incubator was dropped while being moved by the consignee to the hospital area. As a result of the accident, one of the casters attached thereto was allegedly damaged. When introduced in evidence, the report was objected to by plaintiff. The trial court nevertheless permitted its introduction. On examination of Hamby by defendant, counsel for plaintiff objected to Hamby testifying to any facts or circumstances not personally known to the witness. This objection was sustained by the trial court. Counsel for defendant maintains the report shows that the damage in question occurred while the shipment was in possession of the consignee. The statement referred to was inadmissible because the maker was not available for cross-examination. The hearsay rule prevented Hamby from testifying as to what someone else told him. The trial court properly sustained plaintiff’s objection to Hamby’s giving hearsay testimony. Accordingly, we do not consider this evidence in disposing of this matter.
Interrogatories propounded by plaintiff to employees of the Transportation Depot, Fort McPherson, were answered by Frank W. O’Neal, Post Transportation Officer. The responses to the interrogatories show that the shipment was off loaded from a truck on June 26, 1968, at the Receiving Warehouse for Heavy Cargo. The equipment was on a pallet, and was covered with plastic, but had no enclosing crate. The packing list was also missing. In this condition, the equipment was removed from the truck with a fork lift. It was not inspected at the time and was not uncovered. The army personnel which unloaded the cargo were not aware of any damage thereto. Subsequently, the incubator was delivered to the base hospital in the same condition in which it was received at the warehouse. Ryder did not propound counter interrogatories.
On the basis of the foregoing evidence, the trial court found that the damage occurred after delivery to Ryder and prior to receipt of the equipment by the consignee at its warehouse. Since the cargo was handled by Ryder in such fashion as to completely destroy the superstructure of the packing crate fabricated as above indicated, it was reasonable for the trial court to assume the shipment received unduly rough and careless treatment by defendant’s employees. The further reasonable inference is that treatment of such nature was the cause of the damage which was so extensive as to necessitate junking the apparatus as a total loss.
It is settled law that the factual findings of a trial court are entitled to great weight and will not be disturbed on appeal unless found to be manifestly erroneous. Ashford v. Richards, La.App., 228 So.2d 530; Stevens v. Lee, La.App., 207 So.2d 902. In this instance, we find no error in the conclusions reached by the trial court, certainly no manifest error. We conclude, as did the trial court, that plaintiff has sustained the burden of establishing that the equipment was delivered *388 to the shipper in good condition and arrived at its destination damaged.
There is no dispute as to the amount awarded plaintiff in judgment if defendant’s liability is affirmed.
The judgment of the trial court is affirmed at the cost of appellant, Ryder Truck Lines.
Affirmed.