BOUTALL, Judge.
This is a suit by a customer to recover the amount of cash purchase price for merchandise subsequently returned to and accepted by a retail store. The defense is payment. The trial court rendered judgment in favor of plaintiff for the return of the purchase price plus interest, and the defendant appeals.
The uncontested facts are that Peter Uddo, plaintiff, desired to purchase a *544 suede coat for his wife for Christmas, and accordingly purchased from the defendant on December 22, 1970 a coat for $101.76. He was given a 20% discount because his family was known by the store owner. On January 29, 1971 he returned the coat because it was too small for his wife and was given a receipt with the notations thereon “R.T.S. - - - Credit for other merchandise.” On February 12, 1971 he returned to the store and purchased certain other merchandise totaling $118.72. On this purchase he was granted the credit of $101.76 and paid the balance in cash. Mrs. Uddo decided that she did not want this merchandise either and it was returned on February 17, 1971. At that time he received a statement itemizing the merchandise and the amount thereof with the notations “Credit — R.T.S.” On a subsequent visit to the store, Mrs. Uddo could find no merchandise which she desired to purchase, and so demanded return of the cash purchase price. Defendant informed her that the amount had been paid in cash to her husband at the time of the return of the merchandise. It is here the controversy begins.
In support of the contention of payment, the store owner testified that on February 17, 1971, when Mr. Uddo returned the second purchase order, because of her acquaintance with Mr. Uddo and the problem she had in accepting the merchandise back (she was a member of a franchise operation), she decided to return Mr. Uddo’s money and at that time, gave him the cash back. This was accomplished by calling her husband on the second floor who arranged the cash disbursement, and having one of her employees go to the second floor, obtain the cash, and bring it down to her, whereupon she produced in corrobora-her, whereupon she paid it to Mr. Uddo. Her husband is since deceased but she produced in corroboration the testimony of her employee who remembered the transaction, as well as the testimony of a saleslady who also recalled the transaction.
In direct opposition to this testimony, Mr. Uddo testified that he received no cash, but only a credit memo; he denies receiving any money whatsoever in return, and Mrs. Uddo similarly denies ever having received any repayment. Plaintiff’s position is that he expected to use up the credit granted by purchasing other merchandise, but alternatively, he could receive the cash purchase price if the suede coat originally returned was resold by the store. The coat is no longer in stock in the store,. but the owner avers she cannot tell whether it was sold or merely .transferred to another store.
The trial court rendered judgment in favor of plaintiff but gave no finding of fact. Because of the direct conflict in the testimony between the defendant and the plaintiff it is apparent that the trial court necessarily had to believe one and disbelieve the other. It is a basic principle of our law that when the credibility of witnesses is at issue, that the judgment of the trial court must be given great weight, and the court’s conclusions cannot be overturned unless there is manifest error present.
In this case we have the testimony of the store owner corroborated by her two employees. Opposed to this we have the testimony of the plaintiff, corroborated to some extent by his wife and by the introduction in evidence of the document given him as a receipt when he returned the merchandise. As we view this document, we conclude that it is a credit memorandum which authorizes the merchandise to be returned into stock for resale (R.T.S.), and at the same time grants the customer credit on his account in the amount of the purchase. Under the store policy, had cash been paid instead of credit granted, such a notation would have' been made on the document rather than a “credit” memo. The store owner testified that she did not obtain an actual cash receipt or concern herself with the proper notations because of *545 her acquaintanceship with Mr. Uddo. Apparently the trial judge did not accept her explanation of this transaction, and necessarily, neither do we. We find sufficient evidence to sustain the conclusion of the trial judge, and we find no manifest error in his decision.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.