KLIEBERT, Judge.
The trial court dismissed the suit of Walter Barnes, plaintiff, and awarded to the defendant, Park Place Homes, Inc., the sum of $3,038.78, plus interest and costs on its reconventional demand. Plaintiff appealed.
Walter Barnes (hereinafter Barnes) purchased from Park Place Homes, Inc. (hereinafter Park Place) two commercial buildings. One building bore Municipal No. 3105 Independence Street and the other bore Municipal No. 3109 Independence Street. On November 15, 1972, the time of the sale of 3105 Independence Street, Park Place deposited money in an escrow account with the Greater New Orleans Homestead Association, Barnes’ financer and mortgage holder on the property. Similarly, money was deposited with the same homestead when the sale of 3109 Independence Street was made on January 5, 1973.[1]
Apparently, as part of the selling agreement, Barnes leased each building to Park Place at a monthly rental of $900.00 per building. According to the lease agreement, the rentals for 3105 Independence Street commenced on October 11, 1972 and terminated on October 11, 1973, and amounted to $10,800.00 for the one year period. (Note the sale was dated November 15, 1972). For 3109 Independence Street, the rentals commenced on October 25, 1972 and terminated on October 25, 1973, and also amounted to $10,800.00 for the one year period. (Note the sale was dated January 5, 1973).
On August 16, 1976, Barnes filed suit claiming rentals of $5,400.00 due for the last three months on both leases, plus attorney fees and penalties as provided for under the lease. At the time of filing suit, he prayed for and an order issued authorizing the issuance of a writ of attachment on the funds on deposit with the Greater New Orleans Homestead upon Barnes posting bond of $8,500.00. The defendant, Park Place, answered denying any indebtedness *1198 for the rentals. Incorporated in the answer was a reconventional demand. In the re-conventional demand, Park Place, Inc. alleged it made advances to Barnes of rentals due under the leases of $3,600.00 on October 11, 1972 and of $2,813.78 on October 25, 1972. It also alleges the existence of oral agreements under which Barnes was authorized to and did commence collecting rents from the occupants (sub-tenants of Park Place) of the leased premises. The recon-ventional demand prayed for a judgment rejecting the plaintiff’s demand and for judgment against Barnes for all monies retained by Barnes in excess of that due under the lease, plus reasonable attorney fees as provided for in the lease.
The trial court concluded that there apparently were verbal arrangements made between the parties; but, neither litigant conclusively proved the provisions of the same. It then went on to grant judgment in favor of Park Place on the reconventional demand in the amount of $3,038.78. In its reasons for judgment the trial court concluded the last three months’ rents of $5,400.00 sued for by plaintiff were due. However, it concluded that plaintiff had obtained $7,438.78 in advance rents ($3,600.00 made on October 11, 1972 and $2,813.78 made on October 25, 1972 in advance rent deposits) and $540.00 and $485.00 in rents collected by plaintiff directly from Park Place’s sub-tenants. The $3,038.78 judgment was computed as the $2,038.78 overage on the advances plus $1,000.00 attorney fees.
Barnes brought this appeal contending the trial court erred in granting any credits other than the money collected by Barnes directly from Park Place’s sub-tenants should be credited against the $5,400.00 in rents still due under the lease.
The lease dated October 25,1972 covering the premises bearing Municipal No. 3109 Independence Street was on a printed form and contained the following special (typewritten & handwritten) provisions:
“Lessee agrees to pay monthly utility bills and maintenance of building. This lease is predicated upon acquisition of building by Walter Barnes. This lease will be cancelled upon sale of building by Walter Barnes. Lessee agrees to assign rentals from tenants to lessor to apply to monthly rental. Lessee agrees to escrow $3,600.00 toward advance lease payments and difference from $1119 — in total tax and insurance cost to lessor to be borne by or received by lessee.”
The lease for 3105 Independence Street contained a similar provision.
Only the plaintiff and one of the defendants testified at the trial. Walter Barnes, plaintiff, stated he had received rentals of $1,800.00 for 3105 Independence Street in January 1973. In June 1973, he sent the defendant a letter stating that it was in default. In the June 1973 letter he stated he would thereafter collect rentals directly from Park Place’s sub-tenants, but would not release Park Place from rental obligations. He then admitted collecting $485.00 from sub-tenants at 3105 Independence Street and $540.00 from sub-tenants at 3109 Independence Street, following the mailing of the letter. However, under cross-examination, Barnes admitted that he did not have all rent records for the time that he was collecting the rents and became vague as to exactly what rents were due. There were six apartments per building, but he had records for only two apartments in each building. Furthermore, Barnes admitted that the ledger sheets which he kept on the building rentals did not reflect credits in defendant’s favor for the advance rentals of $3,600.00 and $2,813.78, nor did he have proof of deposits of rentals from June 1973 onward with any bank.
The other witness was M. Paul Holmes, Jr., who had signed the lease for Park Place Homes, Inc. Mr. Holmes admitted that Park Place had not made any payments of rentals after June, 1973 because it was his understanding that Barnes was going to collect the rents himself.[2] Furthermore, he stated that all rentals which Park Place *1199 collected subsequent to the letter from Barnes were sent to Barnes, and that it totalled more than Barnes had testified to. He produced and offered in evidence a number of checks with Park Place as the payee and sub-tenants as the makers, which he contended were endorsed and forwarded to Barnes. He testified that although he had no documentary evidence in support of same, his recollection was that $3,600.00 in advance rentals had been paid on each building.
The testimony is in hopeless conflict as to the amount of the advance rentals and the period for which the advance rentals were to be applied as well as to the amount of the rents due and the amounts paid after the letter of June 7, 1973. Although it is apparent verbal agreements were made between the parties which modified the special provisions of the written lease above quoted, no evidence was adduced from which it can be determined exactly what the agreements were after the modifications. Both parties evaded pertinent questions by alleging destroyed or missing records.
It is a well-established legal principle that one who asserts a fact must carry the burden of proving it by a preponderance of the evidence. Meyer v. State, Dept. of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La. 1975). Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971).
Given the evidence adduced at this trial, it is evident that neither side has proven its case by a preponderance of the evidence. Plaintiff has failed to adequately show that it gave defendant proper credits for the advances, rental deposits or for all rents collected by plaintiff since the June, 1973 letter. On the other hand, defendant has not proven that it had paid the entire amount of the lease by a preponderance of the evidence so that it would be entitled to a judgment for all sums in excess of $5,400.00 (the amount plaintiff seeks herein) retained by plaintiff.
For the foregoing reasons, the judgment of the district court is amended insofar as it granted judgment in favor of plaintiff in reconvention, Park Place Homes, Inc., and against defendant in reconvention, Walter S. Barnes, and it is ordered, adjudged and decreed that the reconventional demand of Park Place Homes, Inc. against Walter S. Barnes be and is hereby dismissed at its costs. Said judgment is affirmed insofar as it dismisses Barnes’ suit against Park Place Homes, Inc., each party to bear its own costs.

AMENDED AND AFFIRMED.

. Apparently in both instances the accounts were pledged to the Homestead as additional security for the Barnes’ loan. It is unclear from the record whether the amount deposited in the accounts at the time of sale was $2,000.00 in each instance or $3,600.00 on the first sale and $2,813.78 on the second sale.

. The letter of June 7, 1973 by Barnes to Park Place specifically stated: “This does not mean I am relieving you of any future obligation regarding rents.”