FORET, Judge.
Kenneth Ray Ortego, d/b/a Ray’s Home Improvements (plaintiff) brought this action to recover the sum of $3,571 from defendant, Albert Durand, Jr. Plaintiff alleged that defendant owed him this amount under the terms of a contract entered into by the parties for certain remodeling and repair work performed on defendant’s home by him. Plaintiff also sought to have a labor and materialman’s lien recognized against defendant’s property.
Defendant answered, denying the allegations of plaintiff’s petition. Defendant also brought a reconventional demand against plaintiff seeking dismissal of the main demand and to recover the sum of $4,180 from plaintiff, which he alleged to be the cost of correcting plaintiff’s “poor and substandard” work on his home.
*542 The trial court, after trial, found that the work performed by plaintiff “.. . was inadequate and of poor workmanship and that defendant is entitled to a credit of $800 against the balance of $8,571 claimed by the plaintiff.” The trial court rendered judgment in favor of plaintiff and against defendant, awarding plaintiff the sum of $2,771, plus legal interest from date of judicial demand. The trial court further recognized the lien and privilege of plaintiff.
Defendant appeals from the trial court’s judgment and raises the following issues:
(1) Whether the trial court committed manifest error in allowing him a credit of only $800 against the amount owed by him to plaintiff; and
(2) Whether this matter should be remanded to allow the parties to adduce additional evidence regarding the amount of the credit to which defendant is entitled.
FACTS
There is no serious dispute regarding the facts of this case. Defendant and plaintiff entered into a contract in July of 1980, wherein plaintiff agreed to perform certain remodeling and repair work on defendant’s home, which had been damaged in a flood. Defendant paid plaintiff $6,000 for the work performed, but refused to pay the remainder of the amount owed because he was unsatisfied with the work done by plaintiff. The parties stipulated that defendant owed plaintiff a total of $9,537.01 for the work performed, less the $6,000 already paid plaintiff and any credit which the trial court might find defendant entitled to, if it found the work performed by plaintiff to be inadequate.
AMOUNT OF DEFENDANT’S CREDIT
Defendant contends that the trial court committed manifest error in awarding him a credit of only $800 against the amount owed by him to plaintiff. He correctly notes that the trial court did find plaintiff’s work to be inadequate. He argues there is no evidence in the record on which the trial court could have based its finding that he was entitled to a credit of $800.
The record shows that plaintiff testified that he had agreed to replace the base cabinets located in the kitchen of defendant’s home, among other things. This he did. It wasn’t until a week or a week-and-a-half after he finished the job that he first was informed by defendant that the work he had done in replacing those cabinets was unsatisfactory. Plaintiff was asked to give an estimate of what proportion of his bill was allocated to the replacement of the base cabinets. He guessed that it was probably somewhere in the area of $800 for labor and materials. He stated that this figure did not include any painting of the base cabinets, nor did it include the Formica top he installed on them.
Defendant called Oran Richard as an expert witness, and he was accepted by the court as such in the field of cabinet work pursuant to a stipulation of the parties. He stated that plaintiff had failed to properly perform the work he had contracted to do, including the replacement of the base cabinets. However, he was unable to give an estimate as to the cost of repairing or correcting the work done by plaintiff. He explained that, in all probability, the only way to correct plaintiff’s work would be to replace the base cabinets. Further, the top cabinets would have to be replaced since it would be almost impossible to match the base cabinets with the top cabinets. Richard was asked, under direct examination by defendant’s counsel, if he would estimate what it would cost to simply repair the base cabinets, rather than replacing all of the cabinets as he proposed to do. Richard refused to answer that question because he didn’t believe the job could be done properly in that manner. This was the only evidence introduced by defendant in support of his claim for a credit against the amount he owed to plaintiff.
It is an elementary rule of law that one who asserts a fact must carry the burden of proving the same by a preponderance of the evidence. Barnes v. Park Place Homes, Inc., 398 So.2d 1196 (La.App. 4 Cir. *543 1981); Southern Pacific Transportation Co. v. National Molasses Co., 396 So.2d 451 (La.App. 4 Cir. 1981); Meyer v. State, Department of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La.1975). Proof by a preponderance of the evidence simply means taking the evidence as a whole, such proof shows that fact or cause sought to be proved is more probable than not. Barnes v. Park Place Homes, Inc., supra; Southern Pacific Transportation Co. v. National Molasses Co., supra; Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971).
We find that defendant has failed to prove that he was entitled to a credit of more than $800 and that the trial court’s award to him of thát amount is not clearly wrong.
The defendant-appellant argues strenuously that in the interest of justice we must remand this case for further proceedings. Justice does not require that an appellate court remand a case to permit additional evidence simply because a claimant failed to prove his claim at trial. Justice is satisfied when a party litigant, so desiring, has his day in court. Defendant-appellant, in this case, has had his day in court. The issue of defective cabinets was the sole issue in the case and defendant-appellant had ample opportunity to produce evidence in support of his claim. The trial judge had an opportunity to grant a motion for new trial and hear additional evidence if he felt it was necessary, but he declined to do so. The onus was upon defendant-appellant to know what his expert witness was going to testify to, before trial, and his failure to ascertain that fact before trial and possibly obtain other testimony to support his contention is not the fault of the plaintiff-appellee, or of the trial court, or of this Court.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.