PRICE, Judge.
This suit was instituted as an action to dissolve the alleged sale by plaintiff of certain movable property in the hands of the defendant. Petitioner further prayed for, and was granted, a writ of sequestration pursuant to which the property was seized and held by the sheriff of Ouachita Parish. After trial on the merits, the trial court rendered judgment in favor of defendant, holding that the plaintiff had failed to prove the existence of a contract of sale pursuant to LSA-C.C. art. 2277, and further ordering dissolution of the writ of sequestration and awarding defendant $200 damages for wrongful seizure and $300 as attorney’s fees.
On this appeal, plaintiff contends there was adequate proof of the alleged credit sale and, alternatively, that the evidence at least establishes a quasi contractual relationship between the parties entitling him to payment for the property in question.
This dispute arises from an innominate transaction (for want of a more accurate description) happening more than six years ago and involving a set of limited edition Audubon prints. Plaintiff contends he made a verbal sale of the prints to defendant for the price of $7,500 and that defendant has never paid any of the purchase price.
Defendant denies that the transaction was intended to be a sale and contends that the prints were given to him in accord and satisfaction for money owed him by plaintiff.
The evidence consists solely of the testimony of Burnside, White and John Anderson, attorney for Burnside in a previous Chapter 11 bankruptcy proceeding. This testimony shows that the parties had been friends and business associates for many years prior to the transaction in question. They had participated in numerous business matters in the past (mostly cattle ventures) involving large sums of money without any written confirmation.
Plaintiff testified he learned of the limited edition prints through an antique business in which he was a partner. He asked defendant if he would be interested in having a set were he (plaintiff) to acquire some. Defendant said he would. Plaintiff ultimately acquired several sets and notified the defendant, who later came to plaintiffs antique store and received a set of the prints. Plaintiff testified that $7500 was the sales price agreed upon. While the record is somewhat unclear as to the exact date of this transaction, it appears to have most probably been in May, 1975.
Defendant testified that he advised plaintiff he did not have the money to pay for the prints at the time of delivery. He further testified he was in need of money at the time and took the prints intending to use them to obtain a loan from a bank.[1]
In support of his defense that the transaction was a elation en paiement, defendant testified that plaintiff owed him $7500 in connection with a cattle deal, in which they had both been involved sometime in 1974. However, this contention is not seriously urged before this court, and we find little merit therein, since defendant admitted at trial that he was well aware that plaintiff expected payment for the prints. See LSA-C.C. arts. 2655, 2659 and 2439.[2]
Plaintiff testified, and defendant admitted, that he asked defendant to pay for the *1319 prints at different times over the years between the transaction and this suit. Some six and one-half years had passed when defendant decided to place the prints on display in the Haynes Gallery in Monroe to be offered for sale. Plaintiff saw them there and decided that, rather than allow White to sell them, he would take legal action to recover the prints. He therefore instituted these proceedings and had the prints seized pursuant to the writ of sequestration. Defendant countered, alleging that plaintiff had no legal right to the property and seeking an award of damages for wrongful seizure. The trial court found in favor of defendant on the grounds that plaintiff had failed to submit the proof required to establish a valid verbal sale of movables under LSA-C.C. art. 2277.
The provisions of LSA-C.C. art. 2277 require that all agreements relative to movable property above $500 in value, which are not reduced to writing, must be proved at least by one credible witness, and other corroborating circumstances. The trial court found that plaintiff’s testimony satisfied the requirement of one credible witness, but the evidence was lacking in corroborating circumstances. There is no error in the finding that the evidence is inconclusive as to any consent on the part of defendant to pay the price allegedly agreed upon for the prints as plaintiff failed to corroborate his own testimony of this sale. However, in light of the evidence that was presented, we find that the trial court erred in maintaining defendant in possession of the prints solely on the basis that plaintiff failed to prove a sale.
After argument and submission of the case for decision in this court, defendant filed an exception of no right of action based on the premise that there is some testimony in the record indicating that plaintiff was adjudicated a bankrupt in the proceedings taking place after the transfer of the prints and prior to trial of this matter. He therefore contends the proper party to enforce any claim to recover property belonging to the bankrupt is the trustee in bankruptcy. While this is a correct statement of the general rule of law, there is insufficient evidence in the record to show there was an ongoing bankruptcy proceeding at the time this action was filed. Therefore, the exception of no right of action is overruled.
Defendant next contends that he is entitled to retain possession of the prints simply because plaintiff failed to prove the existence of the sale and he has had possession of the prints since he received them from plaintiff. He supports this argument by pointing to the absence of written documentation of the sale, plaintiff’s failure to bring an action to collect the alleged debt for many years, and his failure to list either the prints themselves or the alleged obligation as an asset in his bankruptcy proceedings. He relies solely on his rights as possessor of the prints under LSA-C.C. art. 3454 which provides in pertinent part that:
“Rights, which are common to all possessors in good or bad faith, are that: 1. They are considered provisionally as owners of the things which they possess, so long as it is not reclaimed by the true owner or person entitled to reclaim it, and, even after such reclamation until the right of the person making it is established.” (emphasis added)
Our law recognizes that possession is naturally linked to ownership, since possession is the means by which one exercises his right of exclusive authority over the thing which he owns. It is also recognized, however, that the two may subsist separately and the actual possessor may not be the true owner. See LSA-C.C. arts. 477, 3434 and 3435.
Defendant in effect admits plaintiff’s ownership of the prints at the time the possession was delivered to him. Therefore, the presumption of ownership as a possessor under Art. 3454 is inapplicable to the circumstances presented here unless defendant can show there was a mutual intent to transfer ownership. The evidence is insufficient to show a sale (as originally contended by plaintiff) or a dation en paiement (as contended on trial by defendant). There is no contention that the transfer was *1320 intended to be a donation and defendant does not claim to have acquired any rights under the law of prescription.
LSA-C.C. art. 526 provides as follows: “The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him.”
The clear language of this article ensures that the owner of a thing may recover it from one who possesses it without justification. Under this article, one who shows ownership is entitled to recognition of that ownership and delivery of the thing to him. The right of an owner to recover movable property improperly retained by another has long been recognized in Louisiana jurisprudence. See Lusco v. McNeese, 86 So.2d 226 (La.App. 1st Cir.1956), and cases cited therein; see also 55 Tulane L.R. 192 at 198-200.
Inasmuch as the evidence fails to show any divestiture of plaintiff’s right of ownership and as defendant has shown no legal justification for his continued possession of the prints, based on our authority of LSA-C.C.P. art. 2164[3], we reverse the judgment of the trial court maintaining the defendant in possession and render judgment in favor of the plaintiff.
DECREE
IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff-appellant, Ben P. Burnside, be recognized as owner of the Set No. 195 of the Amsterdam Edition of Audubon’s Birds of America containing 435 prints, and that possession of the prints be delivered unto him.
IT IS FURTHER ORDERED that the judgment dissolving the writ of sequestration and awarding defendant damages and attorney’s fees be reversed and these claims by defendant are rejected.
All costs of this appeal are assessed against defendant-appellee.
REVERSED and RENDERED.

. Plaintiff contends that his understanding was that defendant was going to borrow the money from the bank to pay for the prints.

. Art. 2655 — The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.
Art. 2659 — Except with these differences [set forth in arts. 2656-2658, and which are inapplicable here], the giving in payment is subjected to all the rules which govern the ordinary contract of sale.
Art. 2439 — * * *
Three circumstances occur to the perfection of the contract [of sale], to-wit: the thing sold, the price, and the consent.
The evidence is clear that there was no consent and therefore no giving in payment.

. Art. 2164 — The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.
See also Temple v. Liberty Mutual Ins. Co., 316 So.2d 783 (La.App. 1st Cir.1975), writ issued 320 So.2d 555, 556, reversed in' part on other grounds 330 So.2d 891 (La.1976), appeal on remand 336 So.2d 299 (La.App. 1976), writ ref. 339 So.2d 23 (La.1976), wherein the court noted that “our procedural rules provide that an appellate court may render any judgment which is just, legal and proper on the record irrespective of whether a particular legal point or theory is made, argued, or passed upon by the trial court.” Id. at 789.