434 So.2d 466 (1983)
STATE of Louisiana, State-Appellee,
v.
Frank Charles FEEBACK, Defendant-Appellant.
No. 15370-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*467 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Jack E. Hoffstadt, Asst. Dist. Atty., Monroe, for State-appellee.
Davenport, Files & Kelley by Thomas W. Davenport, Jr., Monroe, for defendant-appellant.
Before PRICE, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
Frank and Irma Feeback apply for writs to review an order of the district court denying in part their "Motion to Release Seized Property and Evidence." We affirm.
This matter arises from the following events.
On March 29, 1980, law enforcement officers executed a search warrant on a residence in West Monroe, Louisiana. The residence was owned by a corporation controlled by Frank Feeback and leased to Irma Jean Wilhite, who later became Mrs. Frank Feeback. Numerous items, including those which are the subject of this motion, were seized in the search. Frank Feeback was eventually convicted of several drug offenses and imprisoned. See State v. Feeback, 414 So.2d 1229 (La.1982).
Frank, Irma and their attorney filed this motion on September 9, 1982. The items sought to be released were a wallet, a pair of gloves, keys, a briefcase, five address books, a tear gas cannister, a "slapper", a radio scanner, a telephone answering machine, a tape recorder, a set of scales, two holsters and 14 firearms. Mrs. Feeback claimed the guns and holsters as her own. The remaining items were asserted to be Frank's and were to be released to Mrs. Feeback on his behalf.
The motion was tried on November 2, 1982. Irma was the only witness. She testified that she had acquired the firearms as investments. However, on cross examination she could not recall where or how she had acquired most of the guns and she was quite vague as to the values of the guns and how they operated.
On November 9, 1982, the district judge handed down written reasons for his ruling on the motion. He ordered the wallet, gloves and keys released but found the other items claimed by Frank to be contraband as the paraphernalia of illegal drug activities and still needed as evidence in case of further review of the conviction and any retrial which might be required as a result of such review. He also questioned the credibility of Mrs. Feeback and found that she had not proved her ownership of the firearms and holsters which she claimed.
The district judge ordered the return of only the wallet, gloves and keys. The Feebacks applied for writs to review that ruling. They contend that the district judge erred in not releasing all the requested items.
This motion is based on C.Cr.P. art. 167 and R.S. 15:41.[1] The language of each *468 shows that a prerequisite to the release of property is that it is not to be used or is no longer needed as evidence.
The trial judge concluded that there was a continuing need for the items claimed by Frank, excluding the wallet, keys and gloves, as evidence. This is so because of the possibility that Feeback may seek state or federal post conviction relief.[2] In either event the evidence would be needed on review and in any new trial which might be required. We note in State v. Feeback, supra, page 1232, the court with specific reference to the items claimed by Frank,[3] all of which had been admitted into evidence, stated:
"In the instant case, the items in question clearly tend to prove the commission of the charged offenses ... tend to show defendant's intent to distribute and/or his dominion and control over the drugs seized from his residence. They are also consistent with the type of things possessed by a drug dealer."
We are in accord with the district judge's conclusion that the evidence should be retained until it will no longer be needed for or as a result of post conviction proceedings.
We find it unnecessary to determine if any of the items claimed by Frank are contraband since the trial judge was correct in denying Frank's motion for the reasons stated. However, upon such time as the evidence is no longer needed Frank can again move for its release which should be granted absent a showing by the state that the items used in evidence are contraband.
The trial judge did not determine whether the requirements of C.Cr.P. art. 167 and R.S. 15:41 were met with respect to the guns and holsters claimed by Mrs. Feeback because it rejected her claim on the basis that she failed to establish that she was the owner of these items of seized property.
As Mrs. Feeback asserts that she is the owner of the guns and holsters she bears the burden of proof on this issue.[4] See Barnes v. Park Place Homes, Inc., 398 So.2d 1196 (La.App. 4th Cir.1981) (one who asserts a fact bears the burden of proving it). To discharge her burden of proof Mrs. Feeback claims the benefit of the presumption established by C.C. art. 530.[5]
*469 Mrs. Feeback argues that she should be presumed owner of the holsters and guns under art. 530 because they were in her possession when seized. Mrs. Feeback's argument is flawed by its presumption that she was in possession of the items.
The guns and holsters were seized from a residence leased by Mrs. Feeback, then Ms. Wilhite. The residence was owned by a corporation controlled by Frank Feeback. Frank had a key to the residence and frequently stayed there overnight. Frank kept his clothes, substantial amounts of cash, and many other items of his property in the residence.
The totality of the evidence shows that Frank had full use of the residence and possession of its contents. Where there are two possessors of corporeal movables article 530 does not operate to entitle either to a presumption of ownership over the other. In light of the joint possession of the contents of the residence, Irma is not entitled to a presumption of ownership of the items she claims.
Mrs. Feeback also relies on her testimony that she owned the guns and holsters. However, the district judge strongly questioned her credibility and found that Mrs. Feeback had not discharged her burden of proving her ownership of the items she claimed.
The trial judge, as the trier of fact, is in the best position to evaluate credibility and that function is left primarily to him. Rahm v. Exxon Corp., 399 So.2d 676 (La. App. 1st Cir. 1981); Miller v. Olinkraft, Inc., 395 So.2d 902 (La.App. 2d Cir.1981); Thompson v. Warmack, 231 So.2d 636 (La. App. 3d Cir.1970); Patton v. Hebert, 166 So.2d 379 (La.App. 3d Cir.1964). Accordingly, the trial judge's evaluations of credibility are given great weight. Lawrence v. Recoulley, 235 So.2d 437 (La.App. 2d Cir. 1970); Uddo v. House of Nine, Inc., 299 So.2d 543 (La.App. 4th Cir. 1974); Thibodeaux v. Travelers Indemnity Company, 215 So.2d 215 (La.App. 3d Cir.1968).
We have carefully reviewed Mrs. Feeback's testimony. It leaves us with grave doubts as to her credibility. We discern no reason or basis upon which to disturb the district judge's evaluation of credibility.
There is no error in the district court's ruling on the motion and the order is AFFIRMED.
NOTES
[1] C.Cr.P. art. 167

When property is seized pursuant to a search warrant, it shall be retained under the direction of the judge. If seized property is not to be used as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the direction of the judge.
R.S. 15:41
If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) hereof shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of non-contraband property does not claim it within two years after its seizure, the court shall order:
(a) A sale of the property in accordance with the procedure provided for public sale under a writ of fieri facias, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be paid into the same account as fines imposed by the court.
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court shall order the property transferred to a public or a non-profit institution or destroyed.
Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.
[2] See C.Cr.P. art. 924 et seq. and 28 U.S.C.A. § 2241 et seq.
[3] The Hanson scales which were claimed by Frank were not included in the specific list discussed by the supreme court. However, we observe there is no evidence that these scales belong to Frank. Mrs. Feeback could only vaguely remember the scales and she never testified they belonged to Frank and for this reason alone Frank did not establish he was entitled to the scales.
[4] Though this motion is ancillary to a criminal proceeding we regard it as civil in nature and apply substantive rules of civil law.
[5] C.C. art. 530

The possessor of a corporeal movable is presumed to be its owner. The previous possessor of a corporeal movable is presumed to have been its owner during the period of his possession.
These presumptions do not avail against a previous possessor who was dispossessed as a result of loss or theft.