FORET, Judge.
This suit is a tort action arising out of an automobile accident which occurred in Lafayette Parish on September 19,1981. The trial court rendered judgment in favor of plaintiff, Arleen Picard, and against defendants, Leray Guidry and Shelter Mutual Insurance Company, severally, jointly, and in solido, for $2,500 in general damages and $559.71 in special damages, with legal interest. Plaintiffs have appealed the judgment of the trial court on the issue of quantum.
The sole issue before us is whether the trial court abused its discretion with respect to the amount of damages awarded.
FACTS
On the morning of September 19,1981, a collision occurred involving an automobile driven by plaintiff, Arleen Picard, and a pickup truck driven by defendant, Leray Guidry. Plaintiff was stopped at a stop sign when defendant collided with the rear of her car. Apparently, little or no damage was done to plaintiff’s ear. Immediately following the accident, plaintiff, although nervous, experienced no pain. It was only *154 later that afternoon, after returning home, that plaintiff began to experience pain, which she attributed to the accident. Even before the accident, plaintiff had been experiencing pain and discomfort in her neck, left arm, and back. Plaintiff had injured herself in a fall which occurred on the job, and some thirteen months before the accident, on August 26, 1980, she had undergone surgery which involved a discectomy and a disc fusion. At the time of the accident, she was still recovering from that surgery.
Nine days after the accident, on September 28, 1981, plaintiff was admitted to the Lafayette General Hospital complaining of back and neck pain. At that time, a myelo-gram was performed on plaintiff. The results of the myelogram were normal. Even before the accident which is the subject of this suit, plaintiffs physician had recommended that plaintiff undergo a mye-logram because of the pain which she continued to suffer after her surgery. Plaintiff, however, had put off the myelogram because of prior commitments. After her release from the hospital, plaintiff continued to receive physical therapy on an outpatient basis.
Following the accident, plaintiff complained of depression and anxiety and had crying spells. A psychiatrist, Dr. McCray, evaluated plaintiff and prescribed medication for her depression. Dr. McCray continued to treat plaintiff and eventually diagnosed her condition as a bi-polar disorder, manic depressive reaction. This disorder can be treated with medication, and plaintiff will have to receive this medication for the rest of her life.
QUANTUM
Before an appellate court can disturb an award made by a lower court, the record must clearly show that the trier of fact abused its discretion in making the award. Even when there has been an abuse of discretion in fixing an award, the appellate court cannot simply fix the award at what it considers the appropriate level, but must lower (or raise) the award to the highest (or lowest) point reasonably within the discretion afforded the court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Alexander v. Leger, 423 So.2d 731 (La.App. 3 Cir.1982), writ denied, 430 So.2d 75 (La.1983).
Plaintiff contends that the trial court abused its discretion by awarding clearly insufficient sums to compensate her for her medical expenses and for her pain, suffering, and mental anguish. Plaintiff also maintained that the trial court erred in not awarding her future medical expenses. The trial court found that the auto accident had resulted in an aggravation of plaintiffs pre-existing physical condition and had delayed her recovery from surgery. The court concluded that the pain which plaintiff had been suffering in her neck, back, and arm had become more severe after the accident for a short period of time (not exceeding four months). In addition, the court found that the accident had aggravated plaintiffs mental condition (manic depressive reaction). In short, the court concluded that plaintiffs complaints, both physical and mental, were pre-existing conditions which were only aggravated by the accident. A trial court’s factual determinations are entitled to great weight, and an appellate court will not disturb them unless they are clearly wrong.
After carefully considering the record, we conclude that the trial court’s factual findings are entirely supported by the evidence. Given the evidence, the trial court’s award of $2,500 in general damages is clearly adequate. Plaintiff testified, and the court found, that before the accident plaintiff was experiencing pain which, on a scale of one to ten, was rated a seven. That part of plaintiff’s pain which was attributable to the accident was the increase in this pain following the accident. As we stated above, the trial court found that the pain was increased for only a relatively short period of time. Plaintiff’s problems with depression and anxiety following the accident were primarily due to a pre-exist-ing condition which the accident had only aggravated. At the trial of the matter, *155 plaintiff’s psychiatrist, Dr. McCray, testified that he had diagnosed plaintiff as suffering from manic depressive reaction and that it was “an inherited illness”. He also testified that her condition could be worsened by any emotional pressure, anxiety, or tension. He testified that at the time of the trial, her main source of anxiety was the trial itself. Although Dr. McCray testified that he felt that plaintiffs inherited illness had been initially “triggered” by the accident, the record contains ample evidence to support the trial court’s conclusion that plaintiff’s emotional condition predated the accident. Since the accident had only aggravated plaintiff’s condition and was not the primary cause of it, the trial judge’s award of general damages was adequate.
For the same reasons, we find that the trial court’s award of special damages was adequate. Although plaintiff proved some $6,255.09 in medical expenses following the accident, only a small part of those expenses could be attributed to the aggravation of her physical and mental condition caused by the accident. It appears that the medication and treatment she received for her psychological problem would have been necessary whether or not plaintiff was involved in the accident. Certainly, the trial court was entitled to so conclude. The myelogram which plaintiff underwent shortly after the accident had been prescribed by her physician before the accident. Even if the accident had not occurred, plaintiff would still have had to undergo this painful procedure. So it is with all of the expenses. The medication, treatment, and examinations were, for the most part, necessitated by the pre-existing condition and would have been necessary even if the accident had not occurred. The additional medical costs attributable to the aggravation were minimal, and the trial court acted properly when it awarded plaintiff $556.71 for medical costs.
Plaintiff argues that the trial court abused its discretion in not awarding future medical expenses. Preliminarily, we note that it is unclear from the record whether or not the $556.71 that the trial court awarded in special damages included future medical expenses. At any rate, we will, for the purposes of this discussion, accept plaintiff’s contention that the trial court did not award future medical expenses. In her brief, plaintiff claims she is entitled to be compensated for the psychiatric care and medication which she will need in the future to control her psychiatric disorder. We disagree.
As we have said above, the trial court reasonably concluded that the accident had only aggravated a pre-existing psychiatric problem. According to the testimony of plaintiffs own expert, Dr. McCray, plaintiff’s illness was an inherited one for which she would always be in need of treatment. This matter came to trial on December 6, 1983, more than two years after the accident. The trial court could have reasonably concluded that any future psychiatric treatment was necessitated by plaintiff’s inherited psychiatric disorder and not by the accident, whose detrimental influence no longer played any substantial role in plaintiff’s psychological condition.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.