THOMAS J. KLIEBERT, Judge Pro Tern.
Joseph Mitchell, Jr., defendant-appellant, and his wife, Ethel Mitchell, plaintiff-appel-lee, became involved in marital litigation. Following the granting of a separation judgment, a petition for a partition of the community assets was filed. Although the husband’s descriptive list reflected a 1954 Ford 8N Tractor and Bush Hog as a community asset and the wife’s descriptive list did not, the community’s ownership was not raised during a hearing on a motion to traverse the descriptive list on other grounds. Following the hearing on the rule to traverse, the trial judge ordered the sale of the community assets, including the tractor and bush hog. Then Julius Guillot, appellee, a brother-in-law of Ethel Mitchell, intervened claiming ownership of the tractor and bush hog. As a result the court deleted these from the previously ordered sale of the community assets and set a hearing on Guillot's petition of intervention.
Following the hearing on the petition for intervention, the trial judge rendered judgment declaring Guillot the owner of the tractor and bush hog. Mitchell then perfected this devolutive appeal. On the appeal, Mitchell contends the trial judge erred in (1) refusing to grant a continuance of the hearing on the petition for intervention and (2) in concluding the evidence submitted was sufficient to support ownership of the tractor and bush hog by Guillot. We affirm.
THE CONTINUANCE
The defendant did not appear on the morning of the hearing. The previous morning he had informed defense counsel *485 that he could not attend the hearing as he was being hospitalized. Defense counsel moved for a continuance based on these grounds. Although the court expressed the opinion the defendant should be present, when defense counsel was unable to provide further details as to why and where the defendant was hospitalized, the continuance was denied and the hearing commenced.
LSA-C.C.P. art. 1601 provides that “A continuance may be granted ... if there is good ground therefor.” However, a trial court has wide discretion in acting on a motion for a continuance and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Rodrigue-Farr Ins. Agency, Inc. v. Sharp, 431 So.2d 889 (La.App. 2nd Cir.1983), writ denied 439 So.2d 1075; Estate of Hagan v. Fike, 436 So.2d 1338 (La.App. 5th Cir.1983). The mere fact that a party to a suit is absent does not mandate that a continuance be granted. See Dubea v. State through La. Dept. of Corr., 465 So.2d 245 (La.App. 3rd Cir.1985); Coast Wholesale Supply Co. v. Young, 441 So.2d 368 (La.App. 5th Cir.1983), writ denied 443 So.2d 1121.
The defendant was represented by the same attorney throughout the course of the year-long domestic proceedings. Counsel was present and represented the defendant during the intervention hearing. When questioned as to the cause of defendant’s absence, he was able to provide only sketchy details of the defendant’s alleged “hospitalization.” At the close of the inter-venor’s case, counsel was allowed to submit stipulations as to the anticipated testimony of the defendant and a copy of a chattel mortgage executed by the plaintiff and defendant was introduced. Under the circumstances involved here, we cannot say the trial judge abused his discretion when denying the continuance.
OWNERSHIP
Ownership is the right which confers on a person direct, immediate and exclusive authority over a thing. LSA-C.C. art. 477. The ownership and possession of a thing are distinct, as ownership exists independently of any exercise of it and may not be lost by nonuse. LSA-C.C. art. 481. The owner of a thing is entitled to recover it from anyone who possesses it or detains it without right and to obtain judgment recognizing his ownership. LSA-C.C. art. 526; Burnside v. White, 427 So.2d 1317 (La.App. 2nd Cir.1983), writ denied 434 So.2d 1091.
As the intervenor asserted he is the owner of the tractor and bush hog, he bore the burden of proof on the issue. (Burden of proving a fact is borne by the person asserting it.) State v. Feeback, 434 So.2d 466 (La.App. 2nd Cir.1983). See also Barnes v. Park Place Homes, Inc., 398 So.2d 1196 (La.App. 4th Cir.1981).
At the hearing Guillot testified the tractor had been purchased by his father-in-law, Percy Bordelon from Eddie Ham-monds some fifteen to twenty years previously. Bordelon had seven daughters, including Ethel B. Mitchell. Joseph B. Mitchell, Jr. was Bordelon’s son-in-law and was granted access to the tractor. The entire family used the tractor until it broke down in 1979. Thereafter, the tractor remained in a repair shop in Alexandria for over a year, as no one could pay the requested $800.00 repair bill. The owner of the shop, Glen Shadow, ultimately agreed to accept $400.00 in payment for parts for the tractor. As evidence that he paid for the repairs, Guillot introduced a check made out to “Cash” in the amount of $400.00 with the notation “tractor repairs” in the bottom left-hand corner. The check, dated September 10, 1980, was endorsed by Joseph Mitchell and Glen Shadow. According to Guillot, Mitchell had endorsed the check because he was the one who retrieved the tractor for him from Glen Shadow.
The tractor was brought to Guillot’s home in Marksville and kept in Guillot’s garage, which he had purchased from his father-in-law. He introduced receipts for parts and repairs to the tractor, which he estimated totalled $1,086.54 to date. Guil- *486 lot also testified that Mitchell neither used the tractor after it was retrieved from the repair shop nor reimbursed him for upkeep expenses. According to his testimony, Guillot did not know (as contended by Mitchell) that Mitchell had used the tractor as collateral for a mortgage.
While admitting that he did not have a bill of sale transferring ownership of the tractor from Bordelon to himself, Guillot offered an unwitnessed, unnotorized document, said to have been signed by Borde-lon’s heirs and Guillot, which purported to donate their interest in the tractor to Guil-lot. Although defense counsel objected to the introduction of the document on the grounds that it was not an authentic act and that a proper foundation was not laid, the trial judge admitted it into evidence.
Mrs. Mitchell testified that her father bought the tractor from Hammonds and that she considered the tractor to belong to the heirs of her father “but we never used it ... so, we all said that Julius (Guillot) could have it ...” She identified her signature on the document introduced by Guil-lot and also the signatures of her sisters, further stating that she had seen them sign. Mrs. Mitchell denied executing a chattel mortgage on the tractor and stated that Joseph Mitchell never kept the tractor at their residence, although he sometimes used it.
In opposition to this testimony, defense counsel was allowed to stipulate that the defendant would have testified he bought the tractor from Hammonds and maintained the use of it, and although Guillot helped pay for the repairs, the tractor was in fact his (Mitchell’s) despite the fact it was at Guillot’s residence.[1] Counsel was also permitted to introduce a copy of a chattel mortgage executed in 1979 by Joseph and Ethel Mitchell listing a 1955 Ford 8-N Tractor as security for a loan. He noted that Ethel Mitchell had not objected to the inclusion of the tractor in the sworn descriptive list filed by Mitchell in the partition suit.
In rebuttal, Guillot introduced over defense counsel’s objection an unnotarized, unwitnessed document allegedly signed by Jane Walker, Hammonds’ ex-wife, which stated that Hammonds sold a Ford tractor and bush hog to Bordelon in 1967. We believe the trial judge erred in permitting the introduction. As this otherwise, ün-identified, named individual who allegedly signed the statement was not present to verify her signature and was not available for cross-examination, the document was inadmissible. As improperly admitted, we do not consider the evidence in disposing of this matter. See Scientific Systems Corp. v. Ryder Truck Lines, Inc., 255 So.2d 385 (La.App. 1st Cir.1971), writ denied 256 So.2d 441.
The document purporting to be a donation inter vivos by the heirs of Borde-lon was not passed before a notary and/or two witnesses and therefore was neither an act under private signature nor an authentic act, South Louisiana Bank v. Miller, 479 So.2d 461 (La.App. 1st Cir.1985) and under the provisions of Civil Code article 1538 is not an authentic form of donation. However, under the provisions of Civil Code Article 1539, the manual gift of corporeal moveable effects, accompanied by real delivery is not subject to any formality. In order to complete a manual gift, it suffices that a donor’s will to give and actual possession of the moveable property by the donee operate simultaneously. Succession of Broussard, 306 So.2d 399 (La.App. 3rd Cir.1975).
Hence, although the document was not admissible to prove a valid donation, it was admissible to support Mrs. Mitchell’s testimony the tractor was in the possession of Guillot since 1980 and her sisters always wanted him to have it.
*487 Under the provisions of Civil Code Article 530 the possessor of a corporeal moveable is presumed to be its owner and the previous possessor is presumed to have been the owner during the period of his possession. Therefore, although the purported act of donation was invalid as to form and the unnotarized, unwitnessed document allegedly signed by Jane Walker, Hammonds’ ex-wife, was improperly admitted in evidence, there was a legal presumption Bordelon was the owner during his period of possession and Guillot, as the present possessor, was the owner at the time of trial. Moreover, considering the testimony of Guillot and Mrs. Mitchell as a whole and counsel for Mitchell’s statement as to what Mitchell’s testimony would be, we cannot say the trial judge erred in concluding Mitchell did not and could not rebut the legal presumption of ownership in favor of Guillot, the possessor, and hence declaring Guillot the owner. Mrs. Mitchell acknowledged that it was the intent of herself and her sisters that Guillot have the tractor and identified the document as that signed by herself and her sisters for the purpose of fulfilling that intent. Guillot remained in possession of the tractor and bush hog since 1980 and believed himself to be and acted as the owner by virtue of the manual gift from Bordelon and, subsequently, sought ratification by his heirs. Mitchell, on the other hand, had nothing to support his contention he, rather than Bor-delon, had acquired the tractor and bush hog from Hammonds or to refute the evidence he was not the possessor of the tractor or even one of its users after 1980. Where no authentic act is required delivery implies intent to give, Succession of Brewster, 259 So.2d 388 (La.App. 2nd Cir.1972), and outward acts by the donor together with the relationship of the parties is of weighty import, Pardue v. Turnage, 383 So.2d 804, 805 (La.App. 1st Cir.1980).
Accordingly, the judgment of the trial court is affirmed. All costs to be borne by the appellant.
AFFIRMED.

. La.C.C.P. art. 1604 provides:
"When a party applies for a continuance on account of the absence of a material witness, the adverse party may require him to disclose on oath what facts he intends to prove by such witness, and if the adverse party admits that if the witness were present he would testify as stated in the affidavit, the court shall proceed to the trial of the case.”