503 So.2d 734 (1987)
Barbara Jean TURNER, Plaintiff-Appellant,
v.
NATIONWIDE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 86-347.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*735 Jerry D. Kirk, Lake Charles, for plaintiff-appellant.
Plauche, Smith & Nieset, Frank M. Walker Jr., Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Lake Charles, for defendants-appellees.
Before DOMENGEAUX, FORET, and KNOLL, JJ.
KNOLL, Judge.
Barbara Jean Turner appeals a jury award of $6000 for injuries she received as the result of an automobile accident. Said defendants were Gene J. Olivier, Jr., the driver of the vehicle which struck Turner's automobile, Byron Minton, Olivier's employer, Nationwide Insurance Company, Minton's insurer, and Allstate Insurance Company, Turner's uninsured/underinsured motorist carrier. On appeal the sole issue is whether the jury's damage award was so inadequate that it constitutes an abuse of discretion. We amend to increase the damage award.

FACTS
On January 19, 1983, Turner's vehicle was stopped because of traffic congestion at the approach to the Westlake exit in the eastbound lane of I-10 when her car was struck from the rear by an automobile driven by Olivier. Upon impact Turner was thrown forward striking her head on the windshield and her right knee against the dash board. Turner was taken from the scene of the accident by ambulance to St. Patrick Hospital where she was examined, x-rayed, provided with medication and released.
On January 21, 1983, Turner consulted Dr. Norman P. Morin, an orthopedist, for pain in her right knee and low back. Dr. Morin diagnosed Turner's condition as a contusion to her right leg just below the knee and a lumbar myofascial strain; as part of the treatment Dr. Morin prescribed muscle relaxants, anti-inflammatory medication and analgesics. Because of continued low back pain and muscle spasm in the lumbar region Turner was seen by Dr. Morin on February 3, 1983, and again on February 14, 1983. On February 15 Dr. Morin released Turner to return to work, and did not see her again for treatment of low back pain until August 22, 1983. Because of persistent back pain, a CAT Scan was performed but its results were within normal limits.
On January 14, 1984, Turner consulted Dr. Tim J. Tregle, a chiropractor, for spinal manipulation. Turner remained under Dr. Tregle's care until August 31, 1985.
Turner's special damages totaled $5,270.94, therefore, her general damage award totaled $729.06.

QUANTUM
Before an appellate court can disturb an award by a lower court, the record *736 must clearly show the trier of fact abused its discretion in making the award. Even when there has been an abuse of discretion in fixing an award, the appellate court cannot simply fix the award at what it considers the appropriate level, but must lower (or raise) the award to the highest (lowest) point reasonably within the discretion afforded the court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Picard v. Guidry, 465 So.2d 152 (La.App. 3rd Cir. 1985).
Turner complains that the jury's award of $729.06 for general damages is grossly inadequate to compensate her for a lumbar myofascial strain which caused her to remain out of work for almost a month, and made her suffer intermittent pain for approximately fourteen months following the accident. Defendants argue that the jury made credibility determinations adverse to Turner, and that if the chiropractor's fee is excluded, then Turner's general damage award equaled almost $2500.
The thrust of defendants' argument is that the jury could have concluded Turner's chiropractic treatment was completely or at least substantially unrelated to the automobile accident. In Tyler v. Richardson, 476 So.2d 899 (La.App. 2nd Cir.1985), writ denied, 478 So.2d 907 (La.1985), the court stated:

"The tortfeasor must pay the victim for the cost of unneeded medical treatment of the victim's injuries unless the expense was incurred as a result of the bad faith of the victim. The reason for the rule is that as between the victim and the tortfeasor the basic cause for the excessive expense of treatment is attributable to the party whose fault caused the injury rather than the victim. Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir. 1972); Acosta v. Doe, 342 So.2d 1241 (La.App. 4th Cir.1977), cert. denied, 345 So.2d 48 (La.1977); Andrews v. La. Coca-Cola Bottling Co., 454 So.2d 1193 (La.App. 4th Cir.1984), writ denied, 459 So.2d 544 (La.1984).

This rule requiring the tortfeasor to pay for the overtreatment of the victim applies to excessive treatment of the victim by a chiropractor when the overtreatment is not attributable to the bad faith of the victim. Druilhet v. Trinity Universal Ins. Co., 361 So.2d 40 (La. App. 3d Cir.1978), writ denied, 363 So.2d 535 (La.1978); Gourdon v. Rockwood Ins. Co., 368 So.2d 1156 (La.App. 3d Cir.1979)."

Turner testified that when she sought chiropractic treatment, she was still experiencing low back pain caused by the accident and that she did not return to her medical doctor because he told her there was nothing more he could do for her. The record shows no evidence of bad faith on the part of Turner, thus the jury should have awarded payment for the chiropractic treatment even though the jury may have considered it excessive treatment. Therefore, since no other item of special damages was contested, Turner's claim must be examined in light of a general damage award of $729.06.
Dr. Morin found Turner disabled from the date of the accident to February 15, 1983, because of her bruised knee and low back strain, and further found her still suffering with muscle spasms in her lower back as a result of the accident as late as August 31, 1983.
Dr. Tregle commenced chiropractic treatment of Turner on January 11, 1984, finding that she suffered with low back pain because of lumbar nerve root compression which caused pain to radiate into the left buttock. Two months of spinal manipulation were required before Turner was free from pain. Moreover, Dr. Tregle opined that because of permanent back instability Turner needed maintenance treatment every six weeks for life.
Two contentions run continuously through defendants' argument in support of the jury's award: (1) there was an intervening cause of Turner's pain during the summer of 1983; and (2) Turner's excessive weight was the cause of her extended recovery period. Concerning the first argument defendants contend that Turner's participation in a summer volleyball league in 1983 caused the recurrence of muscle *737 spasms in August. The burden of proving a superseding intervening cause rests with defendants. The record is void of any evidence of Turner sustaining a particular injury while playing volleyball, and the medical testimony reveals only a possibility that volleyball was involved as a causative factor; conjecture and possibility is insufficient to prove an intervening cause; such intervening cause must be proven by a preponderance of the evidence. See Ortego v. Durand, 419 So.2d 541 (La.App. 3rd Cir.1982); Moore v. McDermott, Inc., 481 So.2d 602 (La.1986). Secondly, defendants assert that Turner's excessive weight was the reason she continued to suffer pain rather than her original back injury. It has long been jurisprudentially established that the tortfeasor takes the victim as he finds him and is liable for any injuries caused by the tortfeasor's negligence regardless of whether the victim's pre-existing condition may have impeded recovery. See Rachal v. Bankers and Shippers Ins. Co., 146 So.2d 426 (La.App. 3rd Cir.1962).
Both Dr. Morin and Dr. Tregle characterized Turner as honest and found that she neither exaggerated her complaints nor feigned injury. Dr. Morin testified that her back injury was as a result of the accident, and since she was overweight, she would suffer longer than one who would be in the proper weight range. Turner testified that her injuries were partially the reason for a lessening of her job duties, and that even at the time of trial sweeping, mopping and washing dishes gave her difficulty.
Based on the record we find that the jury clearly abused its discretion by awarding inadequate damages. Because of the length of time Turner experienced pain (at least 14 months) we conclude that the lowest award the jury should have made for general damages was $5,000. Therefore, we award $4,270.94 additional general damages.
For the foregoing reasons, the trial court's judgment is amended and increased to the sum of $10,270.94 with legal interest thereon from the date of judicial demand until paid. Costs of this appeal are assessed against appellees.
AFFIRMED AS AMENDED AND RENDERED.
DOMENGEAUX, J., concurs.